RAYMOND N. HULSER
Deputy Chief

M. KENDALL DAY
MARC E. LEVIN
Trial Attorneys
Public Integrity Section
United States Department of Justice
1400 New York Ave. NW, 12th Floor
Washington, DC 20005
(202) 514-1412

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:09-cr-00029-RRB-1 |
| | ) | |
| Plaintiff, | ) | **UNITED STATES'** |
| | ) | **SENTENCING** |
| vs. | ) | **MEMORANDUM** |
| | ) | |
| BEVERLY L. MASEK | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States of America, by and through undersigned counsel, and submits this memorandum for the Imposition of Sentence Hearing scheduled for September 16, 2009 in the above-captioned matter.

I. **APPLICATION OF THE SENTENCING GUIDELINES**

The United States agrees with the Final Presentence Report ("PSR") "Offense Conduct" statement, as well as the advisory United States Sentencing Guidelines (the "Guidelines")

calculation set forth therein. Likewise, it appears that the defendant agrees with the facts and conclusions set forth in the PSR. The only issue for the Court to decide is what sentence is appropriate, taking into account the advisory Guidelines range and the sentencing factors set forth in 18 U.S.C. § 3553(a).

The PSR calculates the defendant's Final Offense Level to be Level 15, with a Criminal History Category of I, resulting in a range of imprisonment of 18 to 24 months.[1] The Guidelines range provides the Court sufficient flexibility to tailor a sentence that takes into account the defendant's history and characteristics. Accordingly, the government asks that the Court impose a sentence of 18 to 24 months incarceration and deny the defendant's request for a variance below the advisory Guidelines range.

## II. SENTENCING RECOMMENDATION

The government requests that the Court impose a sentence of 18 to 24 months imprisonment, which is a sentence within the Guidelines for Offense Level 15. Such a sentence is reasonable under the circumstances of this case. As she has admitted, after having served over eight years as an elected member of the Alaska House of Representatives and while still serving, the defendant approached Bill Allen in April 2003 to discuss her financial difficulties and accepted a cash payment of several thousand dollars from a relative of Allen's, knowing that there were matters pending before the Alaska State Legislature that were important to Allen and VECO's business interests. The defendant's illegal conduct was not, however, limited to this

---

[1] Specifically, the PSR recommends a sentence of 21 months imprisonment, three years of supervised release, a $4,000 fine, and the required $100 special assessment.

episode. Less than a month after accepting the cash payment, at Allen's urging, the defendant agreed to withdraw a bill she had introduced in the Alaska House of Representatives that Allen believed was harmful to VECO's clients. Shortly thereafter, Allen provided the defendant with another $2,000 in cash, which the defendant accepted knowing that it was given, in part, because of her agreement to withdraw the bill. And within months of this second cash payment, the defendant again asked Allen for money, solicited Rick Smith for consulting work with VECO, and directed her legislative aide to meet with Smith in an attempt to secure additional financial assistance from VECO. Put simply, the defendant's conduct here was serious, and a sentence within the Guidelines range is needed to reflect the seriousness of the offense, provide just punishment, and afford adequate deterrence. See 18 U.S.C. § 3553(a)(2)(A) & (B).

Moreover, crimes such as the defendant's have eroded the public's faith in the Alaska State Legislature and their elected leaders. While the government agrees that the defendant is free to seek a downward variance under 18 U.S.C. 3553, the government does not believe that a sentence outside of the Guidelines range is warranted, especially in light of the defendant's former position as a high-ranking elected public official for the State of Alaska. Accordingly, the government requests that the defendant receive a sentence as follows:

(1) A period of incarceration of 18 to 24 months;

(2) A period of supervised release of three years;

(3) A fine of $4,000;

(4) A required special assessment of $100.

Respectfully submitted this 9th day of September, 2009, at Anchorage, Alaska.

RAYMOND N. HULSER
Deputy Chief, Public Integrity Section

/s/ Marc Levin
M. Kendall Day
Marc E. Levin
Trial Attorneys
Public Integrity Section
United States Department of Justice
1400 New York Ave. NW, 12th Floor
Washington, DC 20005
(202) 514-1412
m.kendall.day@usdoj.gov
marc.levin@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Richard Curtner, and served a copy of the same by hand delivery on U.S. Probation Officer Pamela Shaw.

/s/   Marc Levin